[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET VERDICT ASIDE AND COUNSEL FEES
The plaintiff, Delta Air Lines, Inc., had brought suit against the defendant, Jose Lugo, d/b/a Lugo Travel Agency, for breach of contract whereby the defendant had obligated himself to pay monthly charges of $197.00 for the installation of computer equipment, and, in addition, monthly support charges of $286.00. The contract provided for such payments over a period of sixty (60) months. After some thirteen (13) months, the defendant requested elimination of the contract and removal of the equipment, which was done.
After a jury trial, the plaintiff was awarded $9,729.00 in damages. The defendant has filed a motion to set such verdict aside or order a remittitur, on the ground that there was no CT Page 6640 evidence which could have permitted the jury to arrive at the amount of the verdict, other than an amount of $470.00 for the removal of the equipment.
It appears obvious, at least to this court, that the jury arrived at the amount of $9,729.00 by multiplying the monthly equipment charge of $197.00 by 47, the balance of the contract term of 60 months still remaining after removal of the equipment, and, then adding the amount of $470.00, representing the cost of removing the equipment.
The defendant argues that the monthly equipment charge of $197.00 does not truly reflect an accurate assessment of the plaintiff's losses, either, because it does not take into account possible uses the plaintiff could have made during the period of 47 months, or, savings benefitting [benefiting] the plaintiff by the mere fact that it no longer incurred any expense in maintaining the equipment at the defendant's place of business.
While it is true that the evidence in this case left something to be desired by way of providing the jury with information to assist the jury to consider precise mathematical data in arriving at its award, there was evidence that the equipment removed from the defendant's place of business was no longer the type being used. There was additional evidence that the monthly equipment charge of $197.00 and the monthly support charge of $286.00 represented loss of profits to the plaintiff. Apparently, the jury rejected the claim for the monthly support charges as being too speculative. The court is unable to find that the jury acted unreasonably in arriving at the figure of $9,729.00 as a determination of the plaintiff's losses.
The motion to set aside the verdict is denied.
The court also has before it the plaintiff's claim for attorney's fees. Counsel for the parties agreed to leave this issue to the court. Based on the plaintiff's claims for time spent, both, in court and out of court work, the court finds that the sum of $2,000.00 is a reasonable amount to allow for attorney's fees, and, the same is allowed.
BELINKIE State Trial Referee